UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DONTERRIOUS DAVIS, #33497-058,

    Petitioner,

v.                                                                                                 ACTION NO. 2:19cv138

MARK BOLSTER, Warden,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Petitioner Donterrious Davis ("Davis"), a federal inmate housed in the Federal Correctional Complex in Petersburg, Virginia, filed a *pro se* petition, pursuant to 28 U.S.C. § 2241. ECF No. 1. Davis asserts the Bureau of Prisons ("BOP") failed to properly calculate his release date in accordance with the First Step Act ("the Act"), and he seeks 28 days of good conduct time. *Id.* at 1, 5. Respondent filed a motion to dismiss with a memorandum in support asserting the petition is moot now that Davis's release date has been calculated pursuant to the Act, and that Davis failed to exhaust his administrative remedies. ECF Nos. 11–12. For the reasons stated herein, the undersigned **RECOMMENDS** that respondent's motion to dismiss be **GRANTED**, and that Davis's petition be **DISMISSED WITH PREJUDICE**.

        **I.**        **STATEMENT OF THE CASE**

Davis was sentenced to a 48-month term of imprisonment on November 16, 2017. *See United States v. Davis*, No. 3:16cr321-RJC-DCK (W.D.N.C. Jan. 5, 2018), ECF No. 28.

On March 22, 2019, Davis filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Davis requested that the BOP immediately recalculate his release

date, scheduled for October 6, 2020, pursuant to the First Step Act. *Id.* at 2–4. Davis further asserted that exhaustion of administrative remedies is not necessary because his petition "involves only a question of law," and he "do[es] not have enough time to litigate fully." *Id.* at 2.

Davis's release date was recalculated based on the First Step Act, and, as of November 8, 2019, reflects a release date of September 8, 2020. ECF No. 12-1 at 1.

On November 12, 2019, respondent filed a motion to dismiss with a memorandum in support. ECF Nos. 11–12. The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Davis with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 13. Davis did not file a response, and the time for filing has expired. Accordingly, this matter is ripe for review.

## II. ANALYSIS

### A. The First Step Act

The First Step Act ("the Act") was enacted on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 102(b) of the Act amends 18 U.S.C. § 3624(b) and provides that federal inmates can receive up to 54 days of good conduct time for each year of the sentence imposed, as compared to 47 days previously allowed. *Id.* Pursuant to the Act, the implementation of § 102(b), including recalculation of an inmate's good conduct time, was delayed until 180 days after the completion of a "risk and needs assessment." *Id.* at § 102(a)(h)(1). The Act provides that the assessment be completed by July 19, 2019, which would give the BOP until January 15, 2020, to recalculate good conduct time. *Id.* at § 101(a).

In his petition, Davis requested a recalculation of his release date pursuant to the Act. ECF No. 1 at 2–4. This recalculation has occurred. Accordingly, Davis's petition should be

2

**DISMISSED** as moot. *See Coney v. Bolster*, No. 2:19cv248, 2019 WL 7877380, at *2 (E.D. Va. Nov. 12, 2019), *report and recommendation adopted*, 2020 WL 603476 (E.D. Va. Feb. 7, 2020).

### B. Administrative Remedies

In addition, Davis has failed to exhaust his administrative remedies. Federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Administrative exhaustion "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes and discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Additionally, because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion promotes judicial efficiency. *Id.*

Davis concedes that he did not attempt to exhaust his administrative remedies prior to filing his federal petition. ECF No. 1 at 2. Davis argues that he "d[id] not have enough time to litigate fully." *Id.* Davis, who now has a release date of September 8, 2020, had a suitable amount of time to pursue administrative remedies prior to filing his petition. ECF No. 12-1 at 1. In fact, had Davis pursued administrative remedies, he likely would not have needed to file his federal petition. This failure to exhaust administrative remedies provides an alternative basis for dismissing the petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.  A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 18, 2020

4

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Donterrious Davis, #33497-058
RRM Raleigh
Residential Reentry Office
P.O. Box 7000
Butner, NC  27509[11]

Fernando Galindo, Clerk

By /s/ J.L. Meyers
Deputy Clerk

May 18, 2020

---

[11] According to the Bureau of Prisons online inmate locator, Davis has been relocated from FCI Petersburg to the Raleigh residential reentry office in Butner, North Carolina. Accordingly, the Clerk is DIRECTED to update his address on the docket sheet, and send this report and recommendation to the address in Butner, North Carolina.

5